# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ANTHONY LEWIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 10-11628-FDS |
| BRUCE GELB, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER ON REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE

**SAYLOR, J.**

This is a habeas corpus proceeding under 28 U.S.C. § 2254(d). On May 30, 2006, a state-court jury convicted petitioner Anthony Lewis of one count of breaking and entering and one count of receiving stolen property. Lewis is currently serving a term of imprisonment at the Massachusetts Correctional Institution in Concord, Massachusetts.

Lewis challenges his convictions on the basis of claimed ineffective assistance of counsel under the Sixth and Fourteenth Amendments and denial of due process under the Fourteenth Amendment. The matter was referred to United States Magistrate Judge Marianne B. Bowler pursuant to 28 U.S.C. § 636(b)(1) for findings and recommendations. On August 8, 2012, the Magistrate Judge issued a Report and Recommendation recommending that the petition be denied. Lewis filed an objection to the Report and Recommendation. He objected to the Magistrate Judge's findings only with respect to his ineffective assistance of counsel claims, not as to the due process claims.

Upon *de novo* review, the Court will adopt the Report and Recommendation of the Magistrate Judge, and deny the petition.

I.   **Background**

The facts are set forth in the Report and Recommendation of the Magistrate Judge, and will only be summarized here.

On December 18, 2002, Lewis was indicted in Massachusetts Superior Court for breaking and entering and receiving stolen property. The trial court judge granted his motion to suppress a metal pry bar, two laptop computers, jewelry, and other items taken by the police on the ground that police officers did not have reasonable suspicion to conduct a stop. On interlocutory appeal, the Massachusetts Appeals Court reversed the trial court's decision, finding that the police did in fact have reasonable suspicion to stop the defendant. In May 2006, Lewis was convicted of both offenses and sentenced to a term of imprisonment.

Lewis appealed his conviction. He also filed a motion for new trial on August 7, 2008. The trial judge denied that motion and Lewis appealed. Both appeals were consolidated. In the resulting appeal, Lewis contended that (1) he received ineffective assistance of counsel during the suppression motion and interlocutory appeal, and (2) the trial judge improperly admitted evidence of prior bad acts. The Appeals Court rejected his arguments and affirmed his convictions on February 2, 2010. On March 31, 2010, the Supreme Judicial Court denied his application for leave to obtain further appellate review. Lewis then commenced this action.

II.   **The Standard for Habeas Review**

Under 28 U.S.C. § 2254(d), a federal court may not issue a habeas petition "with respect to any claim that was adjudicated on the merits in State court proceedings" unless the state court

decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

### III.     Analysis

In order to establish a claim of ineffective assistance of counsel, petitioner must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The essence of an ineffective assistance claim is that "counsel's unprofessional errors so upset the adversarial balance between defense and prosecution that the trial was rendered unfair and the verdict rendered suspect." *United States v. De La Cruz*, 514 F.3d 121, 140 (1st Cir. 2008) (internal citations omitted). The Constitution does not guarantee to any defendant a perfect defense or a successful defense. *See Moreno–Espada v. United States*, 666 F.3d 60, 65 (1st Cir. 2012). Rather, "the performance standard is that of reasonably effective assistance under the circumstances." *United States v. Natanel*, 938 F.2d 302, 309-10 (1st Cir. 1991).

To succeed on an claim of ineffective assistance of counsel, a petitioner must show both (1) deficient performance by counsel and (2) resulting prejudice. *Peralta v. United States*, 597 F.3d 74, 79 (1st Cir. 2010) (citing *Strickland*, 466 U.S. at 687). An insufficient showing on either prong will defeat an ineffective assistance-of-counsel claim. *See, e.g.*, *Malone v. Clarke*, 536 F.3d 54, 64 (1st Cir. 2008). To show deficient performance, petitioner must demonstrate that counsel's performance fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. Counsel's performance is to be evaluated "from counsel's perspective at the

time of the alleged error and in light of all the circumstances . . . ." *Kimmelman v. Morrison*, 477 U.S. 365, 374 (1986). A court making this evaluation "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Among other things, "[t]rial counsel is under no obligation to raise meritless claims," and "[f]ailure to do so does not constitute ineffective assistance of counsel." *Acha v. United States*, 910 F.2d 28, 32 (1st Cir. 1990). To establish resulting prejudice, petitioner must show that, but for counsel's error, there is a reasonable probability that the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment. *Id.* at 692.

Petitioner makes three contentions related to his ineffective assistance of counsel claims. First, he contends that counsel was ineffective because he failed to impeach two government witnesses, Officer Ford and Detective Brooks, during the hearing on the motion to suppress. Second, he contends that counsel was ineffective because he failed to challenge the factual finding of the Appeals Court that he acted "furtively" while in the telephone booth. Finally, petitioner contends the Appeals Court unreasonably applied the *Strickland* presumption of competence.[1] The Court will address each contention in turn.

### A.      Failure to Impeach Witnesses Ford and Brooks

Petitioner alleges that his trial counsel was ineffective because he failed to impeach Officer Ford and Detective Brooks on two facts during the hearing on the motion to suppress:

---

[1] The Massachusetts Appeals Court cited to the state-law standard for ineffective assistance of counsel rather than the federal standard. *See Commonwealth v. Hudson*, 446 Mass. 706 (2006); *Commonwealth v. Saferian*, 366 Mass. 89 (1974). The state standard, however, is the "functional equivalent of the federal standard." *Lynch v. Ficco*, 438 F.3d 35, 48 (1st Cir. 2006).

(1) whether petitioner stated "I found these" in reference to the stolen laptop, computer bags, and burglarious tools, before or after he was arrested; and (2) whether police pat-frisked him on the trolley before or after he was removed. Petitioner contends that these facts were critical to the outcome of the suppression motion.

Habeas relief is generally not available for Fourth Amendment claims. *Stone v. Powell*, 428 U.S. 465, 494 (1976). However, a petitioner may bring a Sixth Amendment claim arising from a Fourth Amendment issue if his counsel's failure to litigate the alleged Fourth Amendment violation adequately is the core of the ineffectiveness claim. *Kimmelman*, 477 U.S. 365 at 375. That said, the *Kimmelman* burden is a heavy one. Aside from meeting the first prong of the *Strickland* test, a petitioner must also show that "the Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Id*.

By that standard, petitioner here has not shown counsel was ineffective. The Magistrate Judge and the Appeals Court both characterized counsel's decision not to impeach the two witnesses as a tactical decision. Specifically, the Appeals Court noted that defense counsel's strategy in using discrepancies in the officers' respective testimony to the defendant's advantage, rather than pointedly attempting to impeach them, was a "reasonable tactical choice." *Commonwealth v. Lewis*, 76 Mass. App. Ct. 1111 at *1 (2010). The Magistrate Judge found that counsel could have chosen not to impeach Detective Brooks because his testimony was corroborated by Officer Ford's testimony and a police report, and therefore impeachment would have been futile. Rep. and Recomm. at 23-24. Such choices "cannot ordinarily form the basis of a claim of ineffective assistance." *United States v. Ortiz Oliveras*, 717 F.2d 1, 3 (1st Cir. 1983).

Petitioner objects to the Magistrate Judge's findings on the ground that there was no harm in impeaching the officers, and thus no reasonable basis to conclude counsel's failure to do so was anything other than incompetence or oversight.  But even assuming ineffectiveness of counsel, petitioner has not shown a meritorious Fourth Amendment claim, as required by *Kimmelman*.  As the Magistrate Judge observed, the stop of petitioner was lawful whether or not the inculpatory statement was made, and whenever the frisk occurred.  Rep. and Recomm. at 28-33.  Moreover, in denying the motion for new trial, the judge found that the timing of petitioner's inculpatory statement would not have changed the outcome of the suppression motion, and the Magistrate Judge agreed.  Rep. and Recomm. at 33-36.  The Court sees no reason to disagree with those conclusions.  Petitioner has therefore failed to establish a meritorious Fourth Amendment claim.

      B.      **<u>Failure to Correct the Factual Record on Appeal</u>**

Massachusetts appellate courts can supplement facts found by the motion judge with undisputed testimony from the motion hearing.  *Commonwealth v. Watson*, 430 Mass. 725, 726 n.5 (2000).  During the interlocutory appeal of the denial of the suppression motion, the Appeals Court found, citing to purportedly undisputed testimony, that petitioner acted "furtively" at pay phone prior to the police stop.  Petitioner contends that the fact was very much disputed, and that counsel was ineffective because he did not take steps to correct the Appeals Court's finding.  Petitioner further argues that because the fact was disputed, his suppression motion would have been granted if counsel had corrected that error through a petition for rehearing or motion for reconsideration.  On this point, the Appeals Court concluded that in its interlocutory decision it had properly taken into account "uncontroverted and undisputed facts that the suppression judge

implicitly credited," and that accordingly any challenge to that factual determination would have been fruitless. *Lewis*, 76 Mass. App. Ct. 1111 at *1. Petitioner objects to this finding, arguing the Appeals Court gave no reasons as to why pursuing a factual correction would have failed.

It is not necessary for the state court to articulate in detail every reason for its decision. *See Hodge v. Mendonsa*, No. 13-1825, slip op. at 25 (1st Cir. Dec. 30, 2013); *Clements v. Clarke*, 592 F.3d 45, 55 (1st Cir. 2010). Furthermore, the Magistrate Judge concluded that although there was some dispute as to whether petitioner was talking on the phone, his other undisputed behavior while at the pay phone supported the finding by the Appeals Court that he acted furtively, and therefore that reconsideration of that fact would not have changed the court's decision. Counsel's failure to press issues that were likely to be futile does not constitute ineffective assistance of counsel. *Acha*, 910 F.2d at 32. Because pursuing a correction of the appellate record would have likely been futile, counsel's failure to do so here cannot support a claim for ineffective assistance of counsel.

### C.     Misapplication of the *Strickland* Presumption

Under *Strickland*, "the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" 466 U.S. at 694-95 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). As petitioner acknowledges, "the defendant bears the burden of proving that counsel's representation was unreasonable under prevailing professional norms and that the challenged action was not sound strategy." *Kimmelman*, 477 U.S. 365 at 381.

Petitioner contends that enforcement of the presumption in this case is an unreasonable application of *Strickland*. He contends that because he is required by the presumption to present

evidence that counsel acted deficiently, but cannot do so because counsel refused to cooperate and the state court refused to conduct an evidentiary hearing, the presumption cannot be rebutted and enforcing it is an unreasonable application of *Strickland*.

Petitioner's interpretation of the presumption would destroy the heavy measure of deference to counsel required by *Strickland*. Petitioner contends that his inability to gain or force counsel's cooperation with his claims makes application of the presumption unreasonable. To the contrary, that is exactly what *Strickland* demands. Because of the difficulties in evaluating the reasonableness of counsel's actions in hindsight, *Strickland* requires that judicial scrutiny of counsel's performance be highly deferential. 466 U.S. at 689. If this Court did not require petitioner to show counsel's incompetence from the record or other evidence, it would effectively negate the presumption. Moreover, it would create the odd circumstance that a petitioner whose counsel refused to cooperate would likely be in a better position than one whose counsel did cooperate. No court appears to have adopted that view, and this Court sees no reason to rule otherwise.

As petitioner recognizes, the presumption of competence, at the very least, means not assuming incompetence. (Petitioner's Objections at 9). The Court is not unsympathetic to the difficulty of prisoners attempting to gain cooperation of trial counsel when making ineffective assistance claims on collateral review. However, it is clear under *Strickland* that the presumption of competence should be applied in all ineffective assistance claims. *Strickland*, 446 U.S. at 689. Its application here is not an unreasonable application of Supreme Court precedent.

**IV.**     **Conclusion**

For the foregoing reasons, upon *de novo* review, petitioner's objections to the Report and Recommendation of the Magistrate Judge are overruled, and the Report and Recommendation is accepted by the court pursuant to 28 U.S.C. § 636(b)(1).  The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is DENIED.  This matter is accordingly DISMISSED.

**So Ordered.**

/s/ F. Dennis Saylor
F. Dennis Saylor IV
Dated:  February 21, 2014                       United States District Judge